IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STANLEY ALGEE, #05221-025, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) CIVIL NO. 04-4029-GPM ) ) CRIMINAL NO. 00-40023-01-GPM |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) ) |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

On February 18, 2004, Stanley Algee filed the instant motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. 1). The Government responded to the motion on March 17, 2005 (Doc. 19), and Algee filed a reply on April 22, 2005 (Doc. 22).

Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> If [a 2255] motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

The Seventh Circuit has noted that "[n]o hearing is required in a section 2255 proceeding if the motion raises no cognizable claim, if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the

record before the district court." *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992), citing *United States v. Frye*, 738 F.2d 196 (7th Cir. 1984). In this case, the Court finds that the factual matters raised by the motion may be resolved on the record, and the motion raises no cognizable claim. Accordingly, the Court will resolve the motion without a hearing.

### BACKGROUND

The Government's lengthy and thorough response[1] devotes more than fourteen pages to the procedural and factual background underlying the conviction and sentence in this case, as well as its tortuous history at the state level. This Court is familiar with the extensive background and will repeat the facts only where necessary.

A federal grand jury returned an indictment against Stanley Algee and Brent Battles on February 23, 2000. (Doc. 1.) Algee was charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). On September 21, 2000, a superseding indictment charged Algee with conspiracy to knowingly and intentionally distribute and possess with intent to distribute in excess of 5 grams of cocaine base (Count 1), conspiracy to knowingly and intentionally possess with intent to distribute marijuana (Count 2), being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count 3), and using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 4). (Doc. 45.)

---

[1]The Court rejects Algee's argument in his reply (Doc. 22) that the Court should consider the Government's response as untimely. The Government was given 30 days after appellate counsel turned over her materials to file its response. (*See* Doc. 16.) The Government told the Court that appellate counsel did not turn over all materials until March 11, 2005. (*See* Doc. 17.) Thus, its response, filed on March 17, 2005, was timely filed. Moreover, the Court granted the Government leave to file the response *instanter* on that date. (*See* Doc. 18.)

The undersigned District Judge presided over the jury trial of this matter on December 4, 12-15 and 19, 2000. The jury found Algee guilty of all four counts of the indictment and returned a special verdict finding that the amount of crack cocaine was 5 grams or more (*see* Docs. 97-101 in Case No. 00-40023-01-GPM).

At a sentencing hearing on April 30, 2001, the Court found Algee's relevant conduct involved at least 450 grams of crack cocaine and imposed a term of imprisonment of 300 months, consisting of 20 years on the crack cocaine conspiracy, 10 years on the marijuana conspiracy and unlawful possession of a firearm by a felon, and 5 years consecutive on the use of a firearm during and in relation to a drug trafficking offense (*see* Doc. 132 in Case No. 00-40023-01-GPM).

Algee appealed, and the Seventh Circuit affirmed the conviction and sentence. *See United States v. Algee*, 309 F.3d 1011 (7th Cir. 2002). The United States Supreme Court denied *certiorari*. *See Algee v. United States*, 538 U.S. 925 (2003).

Algee argues that his sentence should be vacated, set aside, or corrected because: (1) trial counsel was ineffective when she "committed an accumulation of errors prior to trial and during trial;" and (2) appellate counsel was ineffective "when counsel failed to raise meritorious issues on direct appeal." Algee also argues that his conviction must be vacated "due to Government's vindictive prosecution and violation of double jeopardy." (*See* Doc. 1.) Finally, in a supplemental filing, Algee claims that he is entitled to relief pursuant to *Blakely v. Washington*, 124 S. Ct. 2531 (2004). (*See* Doc. 9.)

## ANALYSIS

Title 28, United States Code, Section 2255 provides that "[a] prisoner in custody under sentence of the court established by Act of Congress claiming the right to be released upon the

ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Thus, collateral relief is available to Algee only if any legal error in his conviction is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver*, 961 F.2d at 1341, *quoting Haase v. United States*, 800 F.2d 123, 126 (7th Cir. 1986). In other words, a Section 2255 motion does not serve as a substitute for a direct appeal.

There are three types of issues that cannot be raised in a motion brought pursuant to Section 2255: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, absent a showing of either good cause for the procedural default and actual prejudice stemming from the alleged error, or that the district court's failure to consider the issue would result in a fundamental miscarriage of justice. *See McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *Degaglia v. United States*, 7 F.3d 609, 611 (7th Cir. 1993); *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *reversed on other grounds*, *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

The United States Supreme Court has held that ineffective assistance of counsel may constitute cause for a procedural default, but "[s]o long as a petitioner is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington*, there is no inequity in requiring him to bear the risks of attorney error that results in a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *citing Strickland v.*

*Washington*, 466 U.S. 668, 687 (1984). To prove "prejudice," Algee must show "not merely that the errors … created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial [or appeal] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

The United States Supreme Court has held that a defendant can raise a claim for ineffective assistance of counsel in a collateral proceeding even though he could have, but did not, raise the claim on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 508-509 (2003). To establish a claim of ineffective assistance of counsel, Algee must show that his counsel's "performance was deficient, which means that counsel's errors were so serious that they deprived [him] of 'counsel' within the meaning of the Sixth Amendment, and that the deficient performance prejudiced him, which means that counsel's errors were so serious that they deprived him of a fair trial with reliable results." *Mahafey v. Schomig*, 294 F.3d 907, 918 (7th Cir. 2002), *citing Strickland*, 466 U.S. at 687. The Seventh Circuit has noted that "[r]egardless of when it is made, because counsel is presumed effective, a party bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Trevino*, 60 F.3d 333, 338 (7th Cir. 1995).

Algee alleges numerous errors by trial counsel, some of which he even admits were inadvertent. He tries to make a case by arguing that the cumulation of small errors deprived him of effective counsel. But this Court remembers the trial well, and counsel was far from ineffective. The evidence against Algee was overwhelming, and trial counsel performed credibly, competently, and effectively. To the extent Algee is arguing that this Court erred by not removing his lawyer during the middle of the trial, the Government is right that the issue should have been raised on direct appeal and was not. Similarly, arguments about the jury instructions are barred from review

on collateral attack. These issues should have been raised on direct appeal. This Court instructed the jury following Seventh Circuit precedent with limited guidance from the lawyers. Any arguments over what was given – or what was not given and should have been – should have been presented to the Court of Appeals on direct review. The Court certainly does not find trial counsel ineffective on this issue.

Likewise, Algee has not met his heavy burden of demonstrating that appellate counsel was ineffective. As the Government points out, the correspondence between Algee and appellate counsel shows that Algee was a full-fledged participant in the appellate process. Even attorney Christenson, who had been disqualified from representing Algee, was involved in the appeal on his behalf. Appellate counsel raised the issues that they believed had the best merit, and the Court of Appeals rejected them. In light of the overwhelming evidence against Algee, appellate counsel's performance was far from deficient.

Algee's claims concerning vindictive prosecution and double jeopardy were raised on direct appeal. In the absence of changed circumstances, they are not properly raised in this collateral attack. Thus, the Court will not consider these arguments.

Finally, Algee argues that his sentence violates the Supreme Court's recent decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). First, the Court notes that this issue was not raised on direct appeal, and there is no cause for the failure to do so. Since the briefs were filed in this case, the Supreme Court has also decided the case of *United States v. Booker*, 125 S. Ct. 738 (Jan. 12, 2005). In *Booker*, the Supreme Court held that defendants have a right to a jury trial on any disputed factual subject that increases the maximum punishment. The federal Sentencing Guidelines come within this rule to the extent that their operation is mandatory. This means that the sentencing

guidelines are now only advisory.

The problem for Algee, however, is that the judgment in this case became final on March 24, 2003, when the United States Supreme Court denied *certiorari*. *See Algee v. United States*, 538 U.S. 925 (2003). The Seventh Circuit recently ruled that *Booker* does not apply retroactively. *See McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). Thus, the final ground likewise lacks merit.

## CONCLUSION

For the foregoing reasons, the motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:  11/01/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
